IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RICHARD LEE MUSCHIK,  Petitioner, vs. UNITED STATES OF AMERICA,  Respondent. | CV 04-149-M-DWM  ORDER |

On October 24, 2005, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation on this matter recommending that the petition be dismissed. On November 18, 2005, Petitioner timely objected and is thus entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1)(C).

The Petitioner filed a 28 U.S.C. § 2254 petition for writ of *habeas corpus* (Dkt. #5) to contest his federal sentence that he believes was enhanced by a prior state conviction. Within his petition, Petitioner indicates that he is also seeking relief based upon the All Writs Act of 28 U.S.C. § 1651 in the form of a writ of *coram nobis*. Complicating the issue further, it seems that Petitioner should have filed under 28 U.S.C. § 2255 because he is actually seeking relief from a federal rather than a state sentence where § 2254 would be the appropriate avenue of relief. However, since Petitioner already filed a § 2255 motion in 1997, it would be barred as second or successive. 28 U.S.C. § 2255.

-1-

Petitioner's hope for § 2254 relief is dismissed because it is in violation of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and because Petitioner is no longer in custody for that conviction.

Petitioner violated the one-year statute of limitations for filing a federal *habeas* petition when he waited at least six years after his conviction became final in state court before he filed this petition.  During this interim period the federal statute of limitations expired, and unless Petitioner shows that the statute of limitations should have been tolled, for reasons of equity or constitutional violations, his petition for relief cannot be reviewed on the merits.  28 U.S.C. § 2244(d)(1)(B); *see Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly IV)*, 163 F.3d 530 (9th Cir. 1998) (en banc) *cert. denied*, 526 U.S. 1060 (1999).

Equitably tolling the statute of limitations is a difficult task and Petitioner, who carries the burden, fails to establish a cause for this court to allow for such tolling.  *See, e.g., Smith v. Duncan*, 297 F.3d 809, 814 (9th. Cir. 2002).  An equitable toll of the statute of limitations will only be granted where the Petitioner has shown that " 'extraordinary circumstances' beyond

a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288-89 (internal citation omitted). Petitioner's ineffective assistance of counsel claim fails to establish "extraordinary circumstances" because general negligence of counsel is not enough to equitably toll the statute of limitations, *Frye v. Hickman*, 273 F.3d 1144, 1145 (9th Cir. 2001) *cert. denied*, 122 S.Ct 1913 (2002), and because counsel's alleged ineffectiveness did not cause the Petitioner to fail to meet the statute of limitations.

Petition's claim that he has previously raised the defenses he is raising here, does nothing to show "extraordinary circumstances" needed to toll the statute of limitations and the Court can grant no relief on this ground.

The Petitioner's argument that if the statute of limitations is not tolled there will be a fundamental miscarriage of justice would fail even if not inappropriately raised. A fundamental miscarriage of justice claim is properly made when a petitioner is trying to make exception to a procedural bar so as to raise evidence of actual innocence. *See Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002). Petitioner here is not facing a procedural bar, but even if the actual innocence doctrine were available to toll the statute of limitations, the Petitioner would fail to meet the burden of proving that new evidence would show that it is more likely than not that no reasonable juror

would have convicted him. *U.S. v. Ratigan*, 351 F.3d 957, 965 (9th Cir. 2003).

The claims presented by the petitioner do not show that "extraordinary circumstances" beyond his control contributed to the one-year violation of the statute of limitations and thus there can be no equitable tolling. See *Frye*, 273 F.3d at 1146. Petitioner has failed to meet the deadline for filing a federal petition for writ of *habeas corpus*, and without giving adequate reasons for his untimely filing this Court cannot review the petition on the merits.

Petitioner is also unable to seek relief through a writ of *coram nobis* under the All Writs Act of 28 U.S.C. § 1651. Simply because the Petitioner has run into statute of limitation problems on his writs for *habeas* relief does not grant him the ability to file a writ of *coram nobis* as a course of last resort. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) *cert. denied*, 537 U.S. 1022 (2002). *Coram nobis* relief exists only for those claims arising out of issues within the court where the writ is being filed and here Petitioner is contesting state court actions in federal court. See *Hensley v. Mun. Ct.*, 453 F.2d 1252, 1252 n. 2 (9th Cir. 1972), *rev'd on other grounds*, 411 U.S. 345 (1973). Finally, Petitioner gives no reason for a fourteen-year delay in filing a writ of *coram nobis* in federal court, which he must do before relief can be granted. See *U.S. v.*

-4-

*Kwan*, 407 F.3d 1005, 1005 (9th Cir. 2005). Petitioner's writ of *coram nobis* claim is ill-formed and inappropriately filed. No relief may be granted upon its grounds.

Petitioner's objections do not add anything to his original petition for relief because they only ask that the doctrine of *stare decisis* be applied to the *coram nobis* context, which this Court has done here.

Based on the foregoing reasons, this Court adopts Judge Erickson's Findings and Recommendation (Dkt. #10) in full.

Accordingly, **IT IS HEREBY ORDERED**:

Petitioner's 28 U.S.C. § 2254 Petition for Writ of *Habeas Corpus* and the claims within are **DISMISSED**.

DATED this 23rd day of June, 2006.

Donald W. Molloy, Chief Judge
United States District Court

-5-